UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV380-3-V
(3:00CR130-3-V)

JOSE JUAN VALLADARES-HELGUERA, )
  )
    Petitioner, )
  )
    v. ) **O R D E R**
  )
UNITED STATES OF AMERICA, )
    Respondent. )
  )

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed September 6, 2005, (Document No. 1).

### I. Factual and Procedural Background

A review of the record reflects that on March 8, 2001, Petitioner pled guilty, without a written plea agreement, to one count of conspiracy to possess with intent to distribute cocaine, cocaine base, marijuana and one count of conspiracy to commit money laundering. On December 19, 2002, this Court sentenced Defendant to life on count one and twenty years on count two. Defendant filed a notice of appeal on December 30, 2002. On October 16, 2003, the Fourth Circuit issued an unpublished opinion affirming Petitioner's conviction and sentence. On February 24, 2004 Petitioner filed a writ of certiorari in the Supreme Court of the United States and on March 29, 2004, the Court denied certiorari.

On September 6, 2005 Petitioner filed the instant Motion to Vacate conceding that his

motion is untimely but asking that this Court equitably toll the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations to allow the filing of his Motion to Vacate.

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

For the purposes of the limitations period of § 2255, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). Where, as here, the Petitioner does seek review in the Supreme Court from the denial of relief on direct review, the clock starts when the Supreme Court denies certiorari. Wilson v. Green, 155 F.3d 396, 400

(4th Cir. 1998).

Here, although Petitioner states in his Motion that he did not seek a writ of certiorari in the Supreme Court, the Fourth Circuit docket sheet reflects that petitioner did file a writ of certiorari in the Supreme Court on February 25, 2004 and the Court denied certiorari on March 29, 2004. Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final on March 29, 2004 and he had until March 29, 2005 to file his § 2255 motion. Petitioner did not file the instant Motion to Vacate until September 6, 2005 – that is, almost six months after the expiration of the limitations period.

Petitioner argues that the time limitation in the AEDPA should be subject to equitable tolling in his case because he "was not informed by his appellate counsel that there existed grounds upon which to seek out a writ of certiorari nor was he advised by his appellate counsel that certain appellate decisions, i.e. Blakely and Booker, gave him a judicially recognized basis for filing the instant motion." He claims that had he been so informed, he would have timely sought out counsel to assist him in filing the instant petition.[1]

The short response is to note that Petitioner did in fact seek out a writ of certiorari, which was denied, and that Blakely and Booker have not been held to be retroactive on collateral

---

[1] The Court notes that Petitioner filed a Motion for Transcripts on August 4, 2003, (Document Number 664 in Defendant's criminal case 3:00cr130), in order to prepare a Motion to Vacate. This Court denied Petitioner's Motion for Transcripts and explained that because his appeal was still pending before the Fourth Circuit, any § 2255 motion would be premature, (Document Number 666.) This Court cautioned, however, that a defendant's judgment of conviction becomes final for purposes of collateral attack at the conclusion of direct review. Therefore, Petitioner was advised concerning the timing of any potential motion to vacate as early as August 11, 2003, the date of that Order. The Fourth Circuit issued an unpublished decision affirming Petitioner's judgment and conviction on October 16, 2003 and the Supreme Court denied certiorari on March 29, 2004.

review, and therefore are of no benefit to Petitioner and his § 2255 proceeding.

In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688. It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4h Cir .2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner basically claims that if his appellate attorney had told him about the recent Supreme Court decisions of Booker and Blakely, he would have filed a Motion to Vacate in a timely manner.

Applying the above cited test to Petitioners particular situation, Petitioner fails to establish that his attorney's failure to advise him about recent Supreme Court decisions is a situation which qualifies as extraordinary, out of his control and which prevented him from filing his § 2255 motion on time. Petitioner's stated reason for failing to timely file his Motion to Vacate will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of

**4**

limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).  Furthermore, Petitioner cannot succeed on a claim that his attorney was ineffective for failing to tell him about Supreme Court decisions.[2] See Mackall v. Angelone, 131 F.3d 442 (4th Cir.) (Attorney error on state post-conviction review cannot constitute ineffective assistance of counsel as "cause" for procedural default, because no right to counsel in post-conviction proceedings.), cert denied, 522 U.S. 1100 (1998); 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Petitioner's reliance on United States v. Hearn, 376 F.3d 447 (5th Cir. 1004) is misplaced. In Hearn, the Court considered the effect of the one-year statute of limitations of AEDPA on a state prisoner convicted of capital murder and sentenced to death whose case was possibly implicated by a watershed change in the law retroactively applicable to cases on collateral review. The Court did not explicitly determine that equitable tolling was appropriate in this case, but instead explained that because the facts surrounding the tolling claim were in dispute, it was reasonable to appoint counsel for the petitioner to investigate and prepare a tolling claim.  The facts of the instant case are not at all similar to those in Hearn.  Petitioner is not facing the death penalty and the Court is not aware of any new watershed rule retroactively applicable to cases on collateral review that has been announced that would impact Petitioner's case.

---

[2] The Court notes that the Supreme Court decisions referenced by Petitioner were not even decided until well after Petitioner's case became final.  United States v. Booker, 125 S. Ct. 738 (2005) was decided on January 12, 2005 and Blakely v. Washington, 524 U.S. 296 (2004) was decided on June 24, 2004.

Petitioner's reliance on United Stated v. Wynn, 292 F.3d 226 (5th Cir. 2002) is also misplaced. Not only is precedent from the Fifth Circuit not binding on this Court, but the facts supporting the holding are not similar to the facts of this case. In Wynn, the Court held that an attorney's deception in convincing his incarcerated client that he had filed a timely postconviction motion on his behalf presents rare and extraordinary circumstances beyond the prisoner's control which may warrant equitable tolling. The Fifth Circuit remanded for specific findings as to the attorney's misrepresentations. Here, there is no allegation of any misrepresentations by Petitioner's appellate counsel. Instead Petitioner claims his attorney did not tell him about two Supreme Court decisions. However, Petitioner's conviction became final long before either case was decided by the Supreme Court.

For the foregoing reasons, this Court concludes that Petitioner's September 6, 2005 Motion to vacate is untimely, does not qualify for equitable tolling, and therefore must be dismissed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is dismissed as untimely.

**Signed: October 10, 2005**

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge