UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:00-cr-00130-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JOSE JUAN VALLADARES-HELGUERA,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's *pro se* Motion for Reconsideration of Sentence Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (#756). Specifically, defendant askes this court to reconsider its July 23, 2012, denial of sentence modification pursuant to 18 U.S.C. § 3582(c)(2) under Amendment 750 to the United States Sentencing Guidelines. More recently, this court granted defendant relief under Amendment 782, reducing his sentence from 360 months to 292 months. Order (#755). In denying relief under Amendment 750 is 2012, this court held that:

> [t]he application of Amendment 750 provides no change in the guideline calculations in this case following application of Amendment 706. The Amended Guidelines range of 360 months to life is the same range that applied following application of Amendment 706, when defendant's sentence was reduced to 360 months in prison.

Order (#744).

First, the court has considered whether civil Rule 60(b) is an appropriate vehicle for reconsideration of the denial of a § 3582 motion. A defendant may not challenge his criminal judgment using the Federal Rules of Civil Procedure. United States v. Grapes, 2011 WL 195672,

at *1 (4th Cir. Jan.21, 2011) (unpublished) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [Defendant] may challenge his criminal judgment.") (citing United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir.1999)); United States v. Leake, 96 F. App'x 873, 873 (4th Cir.2004) ("[Defendant] cannot challenge an order in his criminal case using the Federal Rules of Civil Procedure...."). Even if the court were to consider the instant motion as something other than a Rule 60(b) Motion, the motion -- filed nearly four years after entry of the Order he is now dissatisfied with -- as the time for noticing an appeal from the July 2012 Order ran not later than August 2012. See United States v. McKelver, 225 F. App'x 185, 186 (4th Cir.2007) (affirming the dismissal of a Rule 60(b) motion as untimely because the defendant had "submitted his Rule 60(b) motion well beyond the applicable period of time provided to notice an appeal of the judgment he sought the district court reconsider"); Willis v. United States, No. 3:08cv517, 2009 WL 3150304, at *1 (W.D.N.C. Sept.30, 2009) (dismissing a Rule 60(b) motion as untimely because it "was filed more than ten days after entry of the judgment"). Indeed, defendant actually appealed the July 2012 Order (Notice of Appeal (#745)), with the Court of Appeals for the Fourth Circuit affirming this court's Order. United States v. Valladares-Helguera, No. 12-7276 (4th Cir. Dec. 26, 2012) (unpublished opinion, found as docket entry (#748) herein). Thus, not only is such Order unreviewable under Rule 60(b), such Order is a final Order of this court.

In sum, a Rule 60(b) is inappropriate in a criminal action. Rule 60 addresses civil judgments and may not be used to attack a criminal conviction. Grapes, 2011 WL at *1. Federal courts do not have jurisdiction to consider a motion under Rule 60(b) challenging a criminal conviction. United States v. Jenkins, 2009 WL 1702076, at *3 (W.D.N.C. June 16, 2009). Petitioner's "Rule 60(b) Motion" is denied.

With Rule 60(b) providing no vehicle for reconsideration, the court construes the motion as one for reconsideration of his criminal judgment. "Because the Federal Rules of Civil Procedure are inapplicable to criminal proceedings, [the court will] evaluate[ ] [this] filing by reference to the applicable authorities governing motions for ... reconsideration of criminal judgments." United States v. Hayes, 282 Fed.Appx. 281, at *1 (4th Cir. 2008). The Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration or prescribe the time within which they must be filed. Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir.1985). As discussed above, this motion comes nearly four years after the questioned Order was entered and nearly as long after petitioner exhausted appellate review. See United States v. Wells, 2009 WL 2942898 (4th Cir.2009). Inasmuch as the Motion to Reconsider comes well after the time to appeal, the motion is untimely and it will also be denied as a motion to reconsider filed generally under the criminal rules. See United States v. McKelver, 225 Fed.Appx. 185 (4th Cir.2007), certiorari denied, 552 U.S. 914 (2007); Willis v. United States, 2009 WL 3150304 (W.D.N.C. 2009).

### ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Reconsideration of Sentence Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (#756) is **DENIED**.

Signed: February 19, 2016

Max O. Cogburn Jr
United States District Judge